STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. RONALD J. PALAGI, RESPONDENT.
693 N.W.2d 276

Filed February 25, 2005.   No. S-04-1182.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

INTRODUCTION

Respondent, Ronald J. Palagi, was admitted to the practice of law in the State of Nebraska on January 28, 1975, and at all times relevant hereto was engaged in the private practice of law in Omaha, Nebraska. On October 21, 2004, formal charges were filed against respondent. The formal charges set forth three counts that collectively included charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); Canon 2, DR 2-106(A) (charging excessive fee); Canon 5, DR 5-103(B) (improperly advancing or guaranteeing financial assistance to client); and Canon 9, DR 9-102(B)(4) (failing to return property of client), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). On January 20, 2005, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly admitted the truth of the allegations that he violated DR 1-102(A)(1), DR 2-106(A), DR 5-103(B), and DR 9-102(B)(4), as well as his oath of office as an attorney, and

waived all proceedings against him in connection therewith in exchange for a stated form of consent judgment of a public reprimand. Upon due consideration, the court approves the conditional admission and orders that respondent be publicly reprimanded.

## FACTS

In summary, the formal charges allege that respondent undertook the representation of Larry and Nancy Humphrey in a wrongful death case and that during the course of that representation, respondent charged the Humphreys separately for a "cost" that should have been treated and included in the agreed fee and, thus excessively charged the Humphreys. More specifically, the conditional admission states that

> respondent included the payment of $2,493.75 made to Ex-Parte Legal Services for research and drafting services provided to respondent in the Humphrey case [as an] out of pocket [cost]. However, since the contract [for services] with the Humphreys did not make this clear, [r]espondent should have resolved any question regarding the charging of costs in favor of the client and treated them as part of the legal services his law firm had agreed to provide for a contingency fee.

The formal charges further allege that respondent failed to deliver to Herbert Tibbs and Robert Brodax, former clients of respondent, their client files after Tibbs and Brodax had each requested the same. Finally, the formal charges allege that respondent advanced certain living expenses to Brodax.

## ANALYSIS

Rule 13 provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written

statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the essential relevant facts outlined in the formal charges and knowingly admits that he violated DR 1-102(A)(1), DR 2-106(A), DR 5-103(B), and DR 9-102(B)(4), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1), DR 2-106(A), DR 5-103(B), and DR 9-102(B)(4), as well as his oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.

HENDRY, C.J., not participating.